**The STATE of Ohio, Appellee,**

**v.**

**SKLENAR, Appellant.**

[Cite as *State v. Sklenar* (1991), 71 Ohio App.3d 444.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005008.

Decided Aug. 28, 1991.

_Gregory A. White_, Prosecuting Attorney, for appellee.

*John Sklenar, pro se.*

EDWARD J. MAHONEY, Judge.

John Sklenar was convicted on February 11, 1988, on two counts of rape in violation of R.C. 2907.02(A)(1)(b) and three counts of corruption of a minor in violation of R.C. 2907.04(A). The convictions arose out of the sexual abuse of a young neighbor boy.

Sklenar appealed the decision of the trial court. This court reversed one of the rape convictions and affirmed the remainder of the verdicts.

The case *sub judice* is an appeal from the trial court's denial of postconviction relief. We affirm.

### Assignment of Error 1

"Whether the common pleas court erred to prejudice defendant-appellant when it denied defendant-appellant's motion to vacate or set aside sentences, and motion for summary judgment, without requiring the plaintiff-appellee, the State of Ohio, to answer or respond to same?"

■ Sklenar contends that the trial court erred in denying his motions to vacate or set aside sentences and for summary judgment, as the state was required to respond to these motions.

Sklenar argues that a response by the state is mandated by R.C. 2953.21(D). R.C. 2953.21(D), the provision setting forth the time period for the state's response, is directory rather than mandatory. *State v. Binns* (Mar. 10, 1988), Franklin App. No. 87AP–241, unreported, 1988 WL 29527; *State v. Kerr* (July 30, 1990), Warren App. No. CA89–10–062, unreported, 1990 WL 107305. An appellant cannot compel the prosecutor to respond to his petition, but, rather, should resort to requesting the trial court to proceed on his motion without the prosecutor's response. *State v. Jordan* (Aug. 11, 1989), Trumbull App. Nos. 3893 and 3972, unreported, 1989 WL 92101, citing *State ex rel. Manning v. Montgomery* (1988), 39 Ohio St.3d 140, 529 N.E.2d 935.

■ Summary judgment pursuant to R.C. 2953.21(D) is appropriate only if the right thereto appears on the face of the record. *State v. Walden* (1984), 19 Ohio App.3d 141, 147, 19 OBR 230, 236, 483 N.E.2d 859, 866. We have reviewed the record, Sklenar's motion for summary judgment, and the motion to vacate or set aside sentences, and do not believe that Sklenar established a right to summary judgment on the face of the record.

■ Sklenar appears to be under the mistaken impression that the state's failure to file a response or answer requires judgment in his favor. This

would appear to be a default judgment argument. A defendant may not obtain a default judgment in a postconviction proceeding. *Binns, supra.*

The first assignment of error is overruled.

### Assignment of Error 2

"Whether defendant-appellant was denied his right to effective assistance of counsel prior to, and during trial of the cases lodged against him?"

In this assignment of error, Sklenar argues that his trial counsel was ineffective for two primary reasons. First, Sklenar contends that his rape conviction was improper as force was not alleged or proven. Second, he alleges that the conviction was improper as there was no medical corroboration of the rape.

█ R.C. 2907.02(A)(1)(b), under which Sklenar was convicted, provides:

"(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when either of the following apply:

" * * *

"(b) The other person is less than thirteen years of age, whether or not the offender knows the age of such person."

R.C. 2907.02(B) further provides:

"Whoever violates this section is guilty of rape, an aggravated felony of the first degree. If the offender under division (A)(1)(b) of this section purposely compels the victim to submit by force or threat of force, whoever violates division (A)(1)(b) of this section shall be imprisoned for life."

Thus, pursuant to R.C. 2907.02, force is not an element of the rape of a child under thirteen years of age, but rather represents a factor to enhance the penalty. See Committee Comment to R.C. 2907.02.

█ Sklenar's contention that medical testimony was necessary to convict him is also without merit. There exists no requirement, statutory or otherwise, that a rape victim's testimony be corroborated as a condition precedent to conviction. *State v. Gingell* (1982), 7 Ohio App.3d 364, 365, 7 OBR 464, 465, 455 N.E.2d 1066, 1069; *State v. Love* (1988), 49 Ohio App.3d 88, 91, 550 N.E.2d 951, 954.

Based upon these principles, we cannot conclude that trial counsel was ineffective in failing to raise the force and corroboration issues.

As the second assignment of error is without merit, it is hereby overruled.

### Assignment of Error 3

"Whether the prosecution knowingly and deliberately used perjured testimony to convict defendant-appellant of the crimes for which he was charged and, thereby is confining him in violation of the Constitution of the United States and the Constitution of Ohio?"

 Sklenar contends that he was in the hospital at the time of the rape and that this proves that the state used perjured testimony.

The count of the indictment with which we are concerned specified that the rape occurred between May 1, 1981 and November 20, 1982. The hospital records in the record do not indicate that Sklenar was in the hospital during this entire time. Assuming *arguendo* that a witness perjured himself, the credibility of witnesses is primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

The third assignment of error is overruled.

### Assignments of Error 4 and 5

"4. Whether defendant-appellant was denied effective assistance of counsel on appeal as of right?

"5. Whether defendant-appellant was denied effective assistance of counsel on post-conviction proceedings?"

Sklenar contends that his counsel on direct appeal was ineffective in failing to present this court with: (1) the fact that there was no medical or other evidence of rape; (2) the fact that the element of force was never found by the jury; and (3) evidence that his trial counsel was ineffective. These contentions are without merit.

 In order to establish a claim for ineffective assistance of counsel, a defendant must show that counsel violated an essential duty to him, and that but for said violation, there was a reasonable probability that the outcome would have been different. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Due to the countless ways to provide effective counsel in a given case, judicial scrutiny of counsel's performance must be highly deferential. *Strickland v. Washington* (1984), 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694. Because of the difficulties inherent in undertaking such an evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

 Sklenar's contention that appellate counsel was ineffective in failing to point out the absence of medical testimony or force is obviously without merit

in light of our previous discussion concerning these issues. Sklenar's contention that appellate counsel was ineffective in failing to point out that there was no evidence of rape is similarly foreclosed by our previous holding that there was "sufficient evidence from which the jury could find that Sklenar committed the crimes alleged." *State v. Sklenar* (Aug. 10, 1988), Lorain App. No. 4339, unreported, 1988 WL 84243. Lastly, we can certainly not deem appellate counsel's performance ineffective for failing to address trial counsel's performance, which we have previously deemed effective.

Sklenar further contends that his original postconviction relief counsel was ineffective, arguing that counsel failed to read the record. A review of the motion to vacate or set aside judgment indicates to the contrary as counsel makes numerous references to the record throughout the motion. As such, Sklenar's contention is without merit.

The fourth and fifth assignments of error are overruled.

### Assignment of Error 6

"Whether Ohio's post conviction remedy act, Revised Code Section 2953.21 et seq., is unconstitutional?"

██ Sklenar contends that R.C. 2953.21 is unconstitutional "because the doctrine of res judicata is effectively imposed by the state courts even though the indigent prisoner is forced to use, at his peril, the Ohio Public Defender's Office, or appointed counsel who, in almost every instance, has no desire to adequately represent indigent prisoners convicted of crimes."

██ Courts are bound to give legislation constitutional construction, rather than unconstitutional construction. *State v. Berry* (1971), 25 Ohio St.2d 255, 259, 54 O.O.2d 374, 376, 267 N.E.2d 775, 778. In the case at bar, Sklenar fails to go beyond mere conclusory allegations as to the statute's constitutionality.

We have reviewed R.C. 2953.21 and do not believe it to be unconstitutional. The implementation of the doctrine of *res judicata* does not act to deprive litigants of constitutional rights, but rather conserves judicial resources while still permitting a defendant to have his day in court.

Accordingly, the sixth assignment of error is overruled.

### Assignment of Error 7

"Whether the trial court had jurisdiction over the subject matter or person of the defendant once it permitted amendment to the original indictment which formed the bases for one or more of the grand jurors to vote to indict?"

Crim.R. 7(D) provides in part:

"The court may at any time before, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.* * *""

■ We have reviewed the indictment, the amendments, and the record, and find that the limited changes allowed by the trial court neither changed the name nor the identity of the crime charged, nor has Sklenar demonstrated prejudice from the amendments. See *State v. O'Brien* (1987), 30 Ohio St.3d 122, 30 OBR 436, 508 N.E.2d 144.

The seventh assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.