Defendant-appellant, Thomas M. Ritchey, appeals a criminal conviction obtained in the Columbiana County Common Pleas Court. Following a jury trial, appellant was found guilty of one count of rape, a violation of R.C. 2907.02(A) (2), and one count of sexual imposition, a violation of R.C. 2907.06. Appellant also appeals the trial court's determination that he is a sexual predator.
Appellant's arrest and subsequent trial stemmed from a secret three count indictment filed March 26, 1997. Each count represented a different incident and different victim. Each incident took place in appellant's residence.
The first count of the indictment charged appellant with rape, a violation of R.C. 2907.02(A) (2). This count involved an incident which occurred on or about July 4, 1996. Appellant allegedly engaged in vaginal intercourse with a female victim by force or threat of force.
The second count of the indictment charged appellant with attempted rape, a violation of R.C. 2923.02(A). This count involved an incident which occurred on or about the month of December, 1996. Appellant allegedly attempted to engage in vaginal intercourse with a female victim by force or threat of force.
The third count of the indictment charged appellant with gross sexual imposition, a violation of R.C. 2907.05(A) (1). This count involved an incident which occurred on or about March 12, 1996.
A jury trial commenced on July 7, 1997. On July 8, 1997, the jury found appellant guilty of rape, under count one of the indictment, and sexual imposition, a lesser included offense under count three of the indictment. Appellant was found not guilty of attempted rape under count two of the indictment. That same day the trial court determined appellant to be a "sexual predator," pursuant to R.C. 2950.09(B) (1), and sentenced him to a term of imprisonment of sixty days on the sexual imposition conviction and nine years on the rape conviction.
This appeal followed.
At the outset, we note that plaintiff-appellee, State of Ohio, has failed to file a brief in this matter. Therefore, pursuant to App. R. 18(C), "this court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
Appellant alleges in his first assignment of error that:
 "THE TRIAL COURT ERRED IN FINDING THAT THOMAS M. RITCHEY WAS A SEXUAL PREDATOR."
If a trial court has before it an offender who has plead guilty to or been convicted of a sexually oriented offense, it must conduct a hearing to determine if the offender is a sexual predator. R.C. 2950(B) (1). A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The trial court must conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct the hearing as part of the sentencing hearing. Id. At the hearing, the offender and the prosecutor have the opportunity to testify, present evidence, and call and examine witnesses and expert witnesses regarding the determination of whether the offender is a sexual predator. Id.
When making a determination as to whether an offender is a sexual predator, the judge must consider all relevant factors, including, but not limited to, all of the following enumerated under R.C. 2950.09(B) (2):
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
A trial court's determination that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09(B) (3). The offender and the prosecutor may appeal as a matter of right the trial court's determination regarding sexual predator classification.
The trial court in this case conducted the sexual predator hearing as part of the sentencing hearing pursuant to R.C.2950.09(B) (1). The trial court classified appellant as a sexual predator based upon clear and convincing evidence. Appellant asserts that the transcript from the hearing at which he was determined to be a sexual predator is "devoid of any evidence" supporting such a determination. Appellant advances two arguments in support of this conclusion. First, appellant implicitly argues that the trial court improperly considered the presentence investigation report because said report constitutes hearsay. Appellant cites State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported, in support. Second, appellant argues that to the extent that the trial court relied on the arguments of counsel in making its determination, said reliance was improper because arguments of counsel do not constitute evidence. Appellant argues that absent the presentence investigation report and the arguments of counsel the only remaining, permissible evidence the trial court had before it was appellant's own testimony and that said testimony did not amount to clear and convincing evidence supportive of the trial court's determination that he is a sexual predator. Appellant also makes the additional argument that, although the trial court stated that its determination was based upon clear and convincing evidence, it failed to state what evidence it found clear and convincing. We address each of appellant's arguments in turn.
Appellant's arguments first require us to examine the proper scope of evidence admissible at a sexual predator hearing. The Ohio Supreme Court squarely addressed the issue inState v. Cook (1998), 83 Ohio St.3d 404. The Court held:
 "* * * Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings. Among those listed as specifically excepted from the Rules of Evidence are proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to bail or otherwise. Evid.R. 101(C). A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold the Ohio Rules of Evidence do not strictly apply to sexual predator hearings." Id. at 425
The Court went on to hold that a presentence investigation report is reliable hearsay and, therefore, may be relied upon by the trial court in classifying an offender as a sexual predator.[1] Id.
R.C. 2950.09(B) (1) provides in relevant part that, "at the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." Reading this statutory provision in conjunction with the Supreme Court's pronouncement in Cook regarding the relaxed applicability of the Rules of Evidence, we find that the trial court may rely upon the arguments or statements of counsel to the extent that they illustrate the existence or non-existence of the enumerated statutory factors.
Appellant argues that, although the trial court stated that its determination was based upon clear and convincing evidence, it failed to state what evidence it found clear and convincing. In Cook, supra, the trial court failed to even state that its findings were to a "clear and convincing standard." The Court presumed that the trial court judge followed the law. Id. at 426 citing State v. Martin (1955), 164 Ohio St. 54, 59. The Court also found that "[t]he statute does not require the court to list the criteria, but only to 'consider all the relevant factors, including' the criteria in R.C. 2950.09(B) (2) in making" its findings. Id.
In the case before us, the trial court stated that its decision was based upon the statutory factors and upon clear and convincing evidence. (Sentencing/Sexual Predator Hearing Tr. 18-19). Applying the foregoing principles, we find that the trial court considered the statutory factors and that it was unnecessary for it to state with specificity what evidence it found clear and convincing.
Lastly, we review the record to determine if the trial court's classification of appellant as a sexual predator was supported by clear and convincing evidence. Clear and convincing evidence has been defined by the Ohio Supreme Court in Cross v. Ledford (1954), 161 Ohio St. 469, paragraph 3 of the syllabus, as:
 "* * * [T]hat measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."
An appellate court will reverse, as a matter of law, a finding by the trial court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. Id. at 479.
In this case, the record is comprised of the presentence investigation report and the transcript of the July 8, 1997 sexual predator hearing. A review of this record and consideration of statutory factors supports, by clear and convincing evidence, the trial court's classification of appellant as a sexual predator. The July 4, 1996 incident, upon which appellant was convicted, was a particularly violent and cruel offense. The victim had given birth only a week prior to the rape. The rape resulted in appellant and the victim being covered in blood.
Furthermore, appellant previously had been convicted of two sex offenses as a juvenile and ordered to enter a mental health program for sex offenders. Just ten years later and at 27 years of age, appellant stood before the trial court judge at the sexual predator hearing having just been convicted of two more sex offenses. Also, the offenses for which appellant had just been convicted involved multiple victims.
Appellant's case at the sexual predator hearing was comprised of his own testimony and the arguments/statements of his trial counsel. Concerning the rape, appellant testified that it was consensual. Appellant's counsel's arguments/statements did not present or argue evidence that went to the existence or nonexistence of the statutory factors.
All of the foregoing evidence supports, by clear and convincing evidence, the trial court's classification of appellant as a sexual predator. The evidence implicates factors (a), (b), (d), (f), and (i) under R.C. 2950.09(B) (2) and indicates that appellant is "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
Accordingly, we find appellant's first assignment of error without merit.
Appellant alleges in his second assignment of error that:
 "O.R.C. 2950.09(B) (1) AS APPLIED TO CONDUCT OCCURRING PRIOR TO THE EFFECTIVE DATE OF THIS STATUTE VIOLATES THE PROHIBITIONS AGAINST RETROACTIVE LAWS CONTAINED WITHIN ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION AND EX POST FACTO LAWS CONTAINED WITHIN ARTICLE I, SECTION 9 [sic.] OF THE UNITED STATES CONSTITUTION."
The Ohio Supreme Court's recent decision in State v. Cook
(1998), 83 Ohio St.3d 404, is dispositive of appellant's second assignment of error. The Court held that R.C. 2950.09(B) (1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section28, Article II of the Ohio Constitution or the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. Id. at paragraphs one and two of the syllabus.
Accordingly, we find appellant's second assignment of error without merit.
Appellant alleges in his third assignment of error that:
 "THE VERDICT OF GUILT AS TO RAPE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
When faced with a manifest weight of the evidence argument, an appellate court may not reverse a judgment arising from a jury verdict absent the unanimous concurrence of all three appellate judges. State v. Thompkins (1997), 78 Ohio St.3d 380,389. Thompkins elaborated on the concept of weight of the evidence stating:
 "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' (Emphasis sic.) [Black's Law Dictionary (6 Ed. 1990) 1594.]
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth' juror and disagrees with the factfinder's resolution of the conflicting testimony. [Tibbs v. Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 2218, 72 L.E.2d 652, 661.] See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ('The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.')." Id. at 387.
Regarding count one of the indictment, the jury found appellant guilty of rape, a violation of R.C. 2907.02(A) (2). That section states: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." R.C. 2907.01(A) defines "sexual conduct" to include vaginal intercourse. "Penetration, however slight, is sufficient to complete vaginal * * * intercourse." Id.
Appellant contends that his conviction under count one of the indictment was against the manifest weight of the evidence because (1) the state did not provide any physical evidence to corroborate the victim's claims; (2) the victim's claims went otherwise uncorroborated; and (3) no "normal" evidence was presented regarding the use of force.
The victim did not report the incident with appellant to a law enforcement agency until approximately six months after its occurrence. Upon presenting herself to two different hospitals following the incident, the victim declined traditional assistance for rape victims, which would have included a rape kit. Appellant argues that the victim's failure to cooperate and avail herself of the normal assistance provided in these types of cases resulted in a total lack of physical evidence.
At trial, the victim testified that appellant grabbed her by both her arms and threw her to floor. (Trial Tr. 163-164). She testified that appellant pulled down her shorts and underwear, got on top of her, forced her legs apart, and proceeded to forcibly have vaginal intercourse with her. (Trial Tr. 164-167). The victim testified that she had given birth just a week prior to the rape and still had stitches from an episiotomy. (Trial Tr. 157-158). She testified that when appellant entered her it caused her extreme pain and she screamed. (Trial Tr. 166).
The victim testified that as result of the rape she sustained (1) a bump on the back of her head; (2) bruises on her arms; and (3) bruises on her thighs. (Trial Tr. 171). The emergency room physician who examined the victim testified that she had multiple bruises on her left thigh. (Trial Tr. 186).
When asked why she declined police intervention, she indicated that she initially was in a state of shock. (Trial Tr. 169). She testified that she was embarrassed, feared her husband's reaction, and was not emotionally prepared at that time to follow through with a prosecution. (Trial Tr. 169, 172). She indicated that as time passed, she was then able to open up and reveal to others that she had been the victim of a rape. (Trial Tr. 173). She testified that she received support and encouragement and was finally able to "follow through" with reporting the rape. (Trial Tr. 173).
Appellant's arguments relating to the victim's behavior after the incident go to the weight and credibility of her testimony, considerations primarily for the trier of facts.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Furthermore, "[t]here exists no requirement, statutory or otherwise, that a rape victim's testimony be corroborated as a condition precedent to conviction." State v.Sklenar (1991), 71 Ohio App.3d 444, 447.
After reviewing the entire record, we find that the greater amount of credible evidence supports the jury's verdict that, beyond a reasonable doubt, appellant engaged in sexual conduct with the victim, and that he purposely compelled her to submit by force. Accordingly, we find appellant's third assignment of error without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs
Waite, J., concurs
APPROVED:
 ------------------------ Gene Donofrio Judge
[1] This holding expressly overruled the Third District's decision to the contrary in State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported, cited by appellant. The Third District had found that the trial court improperly relied upon a presentence investigation report in making its determination that the defendant was a sexual predator because said report constituted hearsay.