DECISION AND JUDGMENT ENTRY
D. Michael Mullen appeals the denial of his motion for post-conviction relief by the Meigs County Common Pleas Court. He assigns the following errors:
 ASSIGNMENT OF ERROR I The Trial Court, without explaining why, erred in accepting State's MOTION CONTRA which was filed 81 days late pursuant to the applicable rules, even though Lentes had three assistant prosecutors and a full staff located one block from the Court House. As such, State's MOTION CONTRA cannot be considered by the Trial Court and since Defendant alleged newly discovered specific evidence that which showed the criminal acts of the State which were discovered and presented as quickly as Defendant could have presented them, the
 Court should have either granted Defendant a new trial or vacated the verdict since Defendant met his burden of proof and all requirements of RC 2953.21
and all other applicable rules and is entitled thereby along with all applicable case law to the relief asked for in his petition.
 ASSIGNMENT OF ERROR II The Trial Court erred in not granting Defendant's PETITION FOR POST CONVICTION RELIEF since Defendant met his burden of proof that the State's actions committed prejudicial constitutional error against Defendant which affected the outcome of the trial.
 Furthermore, the State violated Defendant's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution, and Crim R 16.
 The State also committed numerous criminal acts calculated to convict Defendant, including hiding a vulnerable scared thirteen year old eyewitness, committed prejudicial misconduct along with many crimes solely to convict an innocent person, to wit: the Defendant.
 Having met the Defendant's burden of proof, the State failed to reach its burden of proof beyond a reasonable doubt.
 Finding no merit in either assigned error, we affirm the lower court's judgment.
Apellant was indicted in April 1993 on eight counts of corrupting another with drugs, two counts of contributing to the delinquency of a minor and one count each of aggravated menacing and compelling prostitution. Following a bench trial, appellant was convicted on four counts of corrupting another with drugs.[1] After sentencing, appellant filed a direct appeal from his conviction. This court affirmed appellant's conviction in State v. Mullen (Aug. 12, 1994), Meigs App. No. 93CA518, unreported.
On March 10, 1995, appellant, pro se, filed a petition for post-conviction relief pursuant to R.C. 2953.21. The petition alleged he was entitled to post-conviction relief due to prosecutorial misconduct in the investigation of the charges against him. Without holding a hearing, the trial court reviewed the petition, the files and the record in the case before determining that appellant was not denied his right to a fair trial and that the issues raised in his petition would have had no effect on the outcome of his trial to the bench. The trial court denied the petition and appellant filed a timely notice of appeal. This court affirmed the denial of appellant's petition for post-conviction relief inState v. Mullen (June 12, 1996), Meigs App. No. 95CA09, unreported.
On July 19, 1996, appellant, pro se, filed a motion for a new trial on the grounds of newly discovered evidence under Crim.R. 33. Without holding a hearing, the trial court ruled that appellant did not demonstrate that he used reasonable diligence in discovering the evidence, he did not inform the court of the substance of the new evidence, and the weight of the new evidence did not shed new light on the matters previously decided at trial. The trial court denied the motion and appellant filed a timely notice of appeal. This court affirmed the denial of appellant's motion for a new trial in State v. Mullen
(Aug. 5, 1997), Meigs App. No. 96CA22, unreported.
On September 12, 1996, appellant, pro se, filed a second petition for post-conviction relief pursuant to R.C. 2953.21. This petition alleged he was entitled to post-conviction relief due to prosecutorial misconduct and ineffective assistance of trial counsel. Without holding a hearing, the trial court reviewed the petition, the files and the record in the case before determining that appellant was not entitled to relief due, in part, to his failure to produce evidentiary documents supporting his claim. The trial court again denied the petition and appellant timely appealed. We affirmed the denial of appellant's second petition for post-conviction relief in State v. Mullen (Dec. 30, 1997), Meigs App. No. 96CA30, unreported. On June 22, 2000, appellant, pro se, filed a third petition for post-conviction relief pursuant to R.C. 2953.21. In his third petition, appellant again alleged that he was entitled to relief due to prosecutorial misconduct. Without holding a hearing, the trial court denied appellant's petition for post-conviction relief and appellant timely appealed. In his first assignment of error, appellant alleges that the court erred in accepting the state's memorandum contra when it was filed eighty-one days late. Appellant argues that the court should not have considered the memo contra and should have accepted the allegations, arguments and supporting documents in appellant's petition and granted his request for relief. We disagree. R.C. 2953.21, which sets out the time period for the state's response,[2] should have been complied with by the state. However, the provision is directory, rather than mandatory. State v. Sklenar (1991), 71 Ohio App.3d 444, 446, citingState v. Binns (Mar. 10, 1988), Franklin App. No. 87AP-241, unreported;State v. Kerr (July 30, 1990), Warren App. No. CA89-10-062, unreported. Further, the trial court was required, pursuant to R.C. 2953.21(C), to review the entire record regardless of whether the state responded to appellant's petition. State v. Witwer (Aug. 11, 1994), Licking App. No. 94-CA-17, unreported. Therefore, appellant could not obtain a default judgment in this, a post-conviction relief proceeding. See id.; Sklenar,supra; State v. Roberts (1991), 66 Ohio App.3d 654, 656. Accordingly, appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that the trial court erred in denying appellant's petition despite the evidence of prosecutorial misconduct. Specifically, appellant asserts that the state failed to provide certain discovery until three days prior to trial even though the state possessed the information thirty days prior to trial, attempted to produce perjured testimony via Sandy Bass, "covered up" an attempt on appellant's life, took the victims to a pharmacy to view valium in order to "refresh their memories" prior to trial, and told a crucial eyewitness' father to get his son "out of town" so he wouldn't have to testify.
R.C. 2953.23(A) sets forth the circumstances under which the trial court has jurisdiction to entertain a successive petition for post-conviction relief. The statute provides, in part, as follows:
 * * * a court may not entertain a petition filed after the expiration of the period prescribed in division (A) [of R.C. 2953.21] or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section R.C. 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
 Construing this statutory language, we must conclude that a trial court has no jurisdiction to hear a second or successive petition unless the two prongs of R.C. 2953.23(A) are satisfied. State v. Beuke (1998), 130 Ohio App.3d 633, 636. Here, appellant has filed his third motion seeking post-conviction relief.
Appellant made virtually identical allegations in his initial post-conviction petition as he has made in this petition. In State v.Mullen (June 12, 1996), Meigs App. No. 95CA09, unreported, we noted that "[p]rior to trial, appellant was aware of the factual evidence supporting his claims for prosecutorial misconduct, including the prosecutors' alleged personal animosity toward appellant, their alleged involvement in B.J. and Ben Nutter's avoidance of service of process, their taped statement to radio station WMPO, and their actions surrounding the attempts made upon appellant's life." As we previously stated, appellant clearly knew about the information he cites in his current petition at the time of his trial and was not unavoidably prevented from discovering these facts.Moreover, appellant acknowledges that the state provided him with certain medical records but alleges that they failed to provide him with the information until three days prior to trial. This fact was undoubtedly known as well. The only "new" allegation raised by appellant is that the prosecutor took the two victims to the pharmacy to view valium and "refresh their memories" regarding its appearance shortly before his trial.[3] However, appellant has not provided any reason why he was unavoidably prevented from discovering this information earlier.
Because appellant has not demonstrated that he was unavoidably prevented from discovering any of these facts, we must conclude that appellant has not satisfied subsection (1)(a) of R.C. 2953.23(A). Further, appellant has not alleged that the Supreme Court has recognized a new right which would apply to him under subsection (b). Therefore, we must conclude that appellant has not met the first prong of this two-part test and we need not determine whether the second part of the test has been met. The trial court was without jurisdiction to consider appellant's third post-conviction petition because he has not met the requirements of R.C. 2953.23(A). Therefore, the court did not err in denying appellant's petition. Appellant's second assignment of error is overruled.
Having overruled both of appellant's assigned errors, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment Opinion.
 ____________________________ William H. Harsha, Judge
[1] At the conclusion of the state's case, the trial court granted appellant's motion to dismiss the two counts of contributing to the delinquency of a minor and the charge of compelling prostitution. The court later acquitted appellant on four counts of corrupting another with drugs and the aggravated menacing charge.
[2] R.C. 2953.21(D) provides, in pertinent part:
 Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion.
[3] In his petition, appellant alleges that pharmacist Ken McCullough is willing to testify in this regard. However, appellant did not attach an affidavit or any other proof of this claim to his petition.