OPINION
{¶ 1} Defendant, Cindy Kingsolver, appeals from a summary judgment for the State on Kingsolver's petition for post-conviction relief.
 {¶ 2} On July 26, 2001, Defendant was indicted on one count of welfare theft. R.C. 2913.02(A)(3). Pursuant to a negotiated plea agreement, Defendant entered a plea of guilty to the charge. In exchange, the State recommended community control with restitution. On December 6, 2001, the trial court sentenced Defendant to five years of community control and ordered her to pay restitution.
 {¶ 3} On April 10, 2002, Defendant filed a petition for post conviction relief alleging ineffective assistance of trial counsel. On May 22, 2002, Defendant moved for summary judgment. On June 14, 2002, the State filed its response to Defendant's post-conviction petition and a motion to dismiss/motion for summary judgment.
 {¶ 4} Defendant objected to the untimeliness of the State's response. On July 5, 2002, the trial court granted the State's motion for leave to file its motion to dismiss/motion for summary judgment. On August 14, 2002, the trial court granted the State's motion to dismiss/motion for summary judgment. The trial court concluded that Defendant had failed to submit evidentiary documents containing sufficient operative facts to demonstrate substantive grounds for relief, on her claim of ineffective assistance of counsel.
 {¶ 5} Defendant timely appealed to this court from the trial court's judgment entry denying her petition for post conviction relief.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "Does the trial court commit plain error in failing to enforce the statutory provisions set out in Section 2953.21 as to the dead lines placed upon the state in which it must answer, respond or move for summary judgment."
 {¶ 7} Defendant complains that the trial court committed plain error and violated her right to due process when it allowed the State to file its response/answer to Defendant's petition outside the time limits in R.C. 2953.21. Paragraph (D) of that section provides, in relevant part:
 {¶ 8} "Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion."
 {¶ 9} A defendant is not entitled to a default judgment in post conviction proceedings. State v. Skelnar (1991), 71 Ohio App.3d 444;State v. Lovely (September 12, 1997), Greene App. No. 96CA142. The State is not required to file a response to a post conviction petition, and the trial court is not required to consider the State's response, if any, before ruling on the petition. State v. Hansbro (June 14, 2002), Clark App. No. 2001-CA-88. Moreover, the time provided in R.C. 2953.21(D) for the State to respond to Defendant's post conviction petition is directory only, not mandatory. Lovely, supra; Hansbro, supra.
 {¶ 10} The record demonstrates that the trial court granted the State's request for leave to file its answer/response to Defendant's petition beyond the time limits provided by R.C. 2953.21, and beyond the extension granted by the court to May 21, 2002, due to a heavy caseload. In granting the State's request, the trial court acted within the discretion conferred upon it by R.C. 2953.21(D). We see no error, much less plain error.
 {¶ 11} This assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 12} "Does the trial court abuse its discretion when the court finds that no sufficient operative facts exist demonstrating ineffective assistance of counsel where counsel's investigation of the facts of the case did not extend to the time line contained within the indictment as there does exist discrepancies as to the dates of when benefits were received from the state and federal agencies?"
THIRD ASSIGNMENT OF ERROR
 {¶ 13} "The trial court erred to the prejudice of the appellant in failing to find that counsel's performance did not fall below the objective standard of reasonable representation, in inducing appellant to enter a plea of guilty to the crime charged, without first providing an adequate investigation of the facts and law relevant to all plausible options available to appellant, where counsel failed to investigate the appellant's medical history, medication prescribed, mental culpability at the time of the offense, counsel's failure to move during the pre trial stage of the case for a physical and psychological evaluation for said same, evidencing counsel's ineffectiveness, rendering appellant's plea involuntary, unintelligent and unknowing, rendering her conviction void or voidable under the Sixth and Fourteenth Amendments to the United States Constitution, as well as Article One, Section's Ten and Sixteen of the Ohio State Constitution."
 {¶ 14} In these assignments of error Defendant argues that the trial court erred in finding that she had failed to set forth sufficient operative facts to demonstrate ineffective assistance of trial counsel.
 {¶ 15} In Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, the United States Supreme Court set forth the standard for judging claims of ineffective assistance of trial counsel:
 {¶ 16} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or setting aside of a death sentence requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.
 {¶ 17} "The proper standard for judging attorney performance is that of reasonably effective assistance, considering all the circumstances. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.
 {¶ 18} "With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Syllabus, 2. Accord: State v.Bradley (1989), 42 Ohio St.3d 136.
 {¶ 19} The charge to which Defendant pled guilty specified thatbetween November 1, 1998 and December 1, 2000, Defendant knowingly obtained property or services by deception. More specifically, Defendant was charged with welfare theft because she received public assistance benefits during this time period based upon her report that her son's social security benefits had been terminated, when in fact that was false.
 {¶ 20} Defendant claims that her counsel performed deficiently because he failed to investigate and discover discrepancies between the dates of the offense alleged in the indictment and the evidence/proof in this case. Specifically, Defendant claims that she did not receive any public assistance benefits during November 1998 because she was employed at that time, and therefore this offense could not have been committed during November as alleged in the indictment. Defendant's claim, even if true, does not demonstrate her innocence or provide her with a defense to the charge.
 {¶ 21} The indictment states that the offense occurred between
November 1, 1998, and December 1, 2000. Defendant does not argue that she did not receive public assistance benefits during 1999 and 2000, time periods clearly covered by this indictment. The documents submitted by Defendant in support of her post conviction petition reveal that she did receive social security benefits during January-April 1999, and that she also received public assistance benefits during 1999 and 2000. Accordingly, there is no fatal variance between the dates of the charged offense and the proof/facts in this case. Defendant has failed to set forth sufficient operative facts to demonstrate that her counsel performed deficiently in failing to investigate this charge and the facts, much less any resulting prejudice sufficient to impair the knowing, voluntary character of Defendant's guilty plea. State v. Capper
(November 13, 1998), Clark App. No. 97CA94.
 {¶ 22} Defendant additionally claims that her counsel performed deficiently because he failed to investigate her medical history including the numerous prescription medications she was taking. The evidence in this case fails to demonstrate that defense counsel even knew, or was ever made aware by Defendant or any other source of information, of any medical problems, much less whether those conditions existed at the time of the offense and were of such a nature and character as to impair Defendant's mental capacity to act "knowingly," the culpable mental state required to commit this offense.
 {¶ 23} Defendant claims that the presentence investigation report, which has not been included in the record presently before this court, demonstrates that before sentence was imposed defense counsel became aware of her medical condition. Defendant argues that her counsel performed deficiently because he failed, before sentencing, to move to withdraw Defendant's guilty plea, presumably because the effects of her medications impaired her ability to enter a knowing, voluntary plea. We disagree.
 {¶ 24} The record of Defendant's guilty plea proceeding affirmatively refutes her claim. State v. Jackson (1980),64 Ohio St.2d 107; State v. Kapper (1983), 5 Ohio St.3d 36. When Defendant entered her plea she told the trial court that she was not under the influence of alcohol or any drugs, that she had not ingested any such substances in the past seven days, that she understood her guilty plea petition and the plea proceedings, and that she was satisfied with defense counsel's representation. On this record no valid basis for withdrawing Defendant's guilty plea has been demonstrated. Hence, counsel's failure to raise that issue does not constitute ineffective assistance.
 {¶ 25} Defendant has failed to meet her burden of submitting evidentiary documents containing sufficient operative facts to demonstrate substantive grounds for relief, i.e. ineffective assistance of counsel. State v. Jackson, supra; State v. Calhoun, 86 Ohio St.3d 279,1999-Ohio-102. Defendant's own self-serving assertions and conclusions regarding the lack of competent counsel is insufficient to warrant an evidentiary hearing.
 {¶ 26} These assignments of error are overruled. The judgment of the trial court will be affirmed.
FAIN, P.J. and BROGAN, J., concur.