OPINION
{¶ 1} Defendant Joshua Sanders appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which convicted and sentenced him for one count of rape by force of a person under the age of thirteen, after a jury found him guilty. Appellant had been charged with two other counts of rape, but the court dismissed one of the counts, and the jury acquitted appellant of the other. Appellant assigns a single error to the trial court:
 {¶ 2} "THE TRIAL COURT'S DECISION FINDING DEFENDANT GUILTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 3} In State v. Thompkins, 78 Ohio St. 3d 380 1997-Ohio-52,678 N.E. 2d 541, the Supreme Court explained the distinction between the legal concepts of sufficiency and weight of the evidence. The court held the legal concepts are both qualitatively and quantitatively different. Sufficiency of the evidence refers to the legal standard reviewing courts apply to determine whether the evidence presented is legally sufficient to support the jury's verdict as a matter of law, Thompkins at 386, citations deleted. Weight of the evidence does not involve a question of law. When reviewing questions of weight of the evidence, this court is concerned with the amount of credible evidence offered at trial in support of one side of an issue or the other. Weight is not a question of mathematics, but depends upon its effect in inducing belief, Thompkins,
at 387. In reviewing a claim a verdict is against the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences which could be drawn from it, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. The Supreme Court has often cautioned us our power to grant a new trial should be exercised only in an exceptional case where the evidence weighs heavily against the conviction, Id.
 {¶ 4} Appellant's argument, simply stated is although the State called eight witnesses at trial, only one, the alleged victim, could testify directly to the actual facts of the rape, that is, whether the appellant forced the victim to perform fellatio on him.
 {¶ 5} The State presented the testimony of the investigating officer, Officer Rita Mandel, and from Ruth Downing, a sexual assault nurse examiner who examined the victim. The officer testified the victim was upset and crying when she was interviewed. The nurse examiner testified regarding the gathering of evidence from the victim, and testified she did not observe any physical evidence or injury. The nurse testified this was consistent with the story the victim told her.
 {¶ 6} A forensic scientist in the DNA Unit the Bureau of Criminal Identification and Investigation testified she found no semen or sperm on the victim's clothing, or in the swabs taken from the victim. She also testified these findings were consistent with the victim's account of events.
 {¶ 7} The State called three children who were present in the house at the time of the alleged assault, and one of the children's mothers. Two of the children testified appellant had also made sexual advances towards them, and the third child testified she was asleep and only became aware of the incidents later.
 {¶ 8} Melinda Groce, who lived in the house in question and was the mother of one of the children, testified her daughter told her appellant had kissed the victim and given her a cigarette. After learning this, Groce spoke with the victim and the victim's mother.
 {¶ 9} On cross, Groce and one of the children admitted they had known the victim to lie.
 {¶ 10} The State called the victim as its final witness, who testified the appellant came into the bedroom where she and the other children were sleeping. Appellant first took one of the other children from the room. Later Appellant got the victim out of bed and took her to his room, where he unbuttoned his pants. The victim testified she started to leave the room, but appellant said something about going down stairs and getting a knife. The victim testified she believed this was a threat, and was afraid of appellant. She testified the appellant forced her to perform fellatio. On cross, she testified he did not ejaculate, and she did not think he had an erection.
 {¶ 11} As the State points out, there is no requirement of rape victim's testimony be corroborated, see, e.g., State v. Sklenar (1991),71 Ohio App. 3d 444. The testimony of a rape victim is sufficient to support a conviction if he or she testifies to all the elements of the rape, State v. Lewis (1990), 70 Ohio App. 3d 624.
 {¶ 12} We have reviewed the record, and we find there was sufficient competent and credible evidence going to each element of the crime to support appellant's conviction. The record does not indicate the jury lost its way or created a manifest miscarriage of justice.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware, Ohio, is affirmed. Costs to appellant.