JOURNAL ENTRY AND OPINION
Defendant-appellant, Abdul K. Sharif, was convicted of murder on June 15, 1989, in the Cuyahoga County Court of Common Pleas. This Court affirmed appellant's conviction on March 18, 1991, State v. Sharif, Cuyahoga App. No. 30260, unreported. The Supreme Court of Ohio overruled a motion for leave to appeal our decision on August 7, 1991, State v. Sharif (1991), 61 Ohio St.3d 1431.
On August 11, 1999, appellant filed a petition for postconviction relief. The trial judge summarily dismissed the petition on August 18, 1999 — presumably because it was untimely filed — before the State responded to appellant's petition.
On September 10, 1999, appellant filed a motion for findings of fact and conclusions of law pursuant to R.C. 2953.21(C). On September 24, 1999, the trial judge denied appellant's motion, again before the State responded to the motion.
Appellant appealed the dismissal of his petition for postconviction relief but on April 3, 2000, this court dismissed appellant's appeal, ruling that once the trial court issues findings of fact and conclusions of law, appellant may file an appeal.
Appellant then filed a petition for writ of mandamus in this court, seeking to compel the trial judge to issue findings of fact and conclusions of law pursuant to our order. We granted the writ, finding that our order regarding the dismissal of appellant's appeal concerning his petition for postconviction relief was the law of the case and, therefore, the trial judge was required to issue findings of fact and conclusions of law. The Supreme Court of Ohio affirmed our decision on February 7, 2001, State ex rel. Sharif v. McDonnell, Judge (2001),91 Ohio St.3d 46.
On February 20, 2001, the trial court issued findings of fact and conclusions of law. The trial court found that appellant's petition was untimely filed pursuant to R.C. 2953.21 and, therefore, his petition for postconviction relief must be denied.
Appellant has now appealed from the findings of fact and conclusions of law, raising ten assignments of error for our review. The assignments of error are set forth in Appendix A to this opinion.
 ASSIGNMENT OF ERROR ONE
In his first assignment of error, appellant contends that because the State did not respond to his petition for postconviction relief within twenty-eight days after service, as required by Civ.R. 12(A)(1), it waived the issue of timeliness. Appellant asserts that the State only responded with a motion to dismiss his petition after he filed his motion for findings of fact and conclusions of law on September 10, 1999. Appellant contends that the trial court then converted the State's motion to dismiss to a motion for summary judgment without any notice to him. Appellant argues that because the State never responded to his petition for postconviction relief, however, the trial court abused its discretion to improperly grant the respondent's motion to dismiss and render a finding of fact and conclusion of law on the waived jurisdictional issue of timeliness * * *. Appellant's argument is without merit.
First, appellant's assertion that the State filed a motion to dismiss in response to his motion for findings of fact and conclusions of law is wrong. The docket reflects that the trial court denied appellant's motion for findings of fact and conclusions of law on September 24, 1999, before the State responded to appellant's motion. The docket further reflects that the State never filed a motion to dismiss in the trial court at any point in this case. Thus, appellant's argument that the trial court erroneously converted the State's motion to dismiss into a motion for summary judgment and then improperly granted the motion is without merit.[1]
It appears that appellant has confused the appellate court proceedings in this case with the trial court proceedings. We note that after appellant filed his petition for a writ of mandamus in this Court on October 19, 1999 seeking to compel the trial judge to issue findings of fact and conclusions of law regarding her dismissal of appellant's petition for postconviction relief, the respondent judge filed a motion to dismiss appellant's petition because appellant had failed to file an affidavit describing each civil action or appeal of a civil action he had filed in the past five years, as mandated by R.C. 2969.25. This court denied respondent's motion to dismiss, however, and allowed appellant to file the required affidavit with his petition. Subsequently, the respondent judge filed a brief in opposition to appellant's petition which this Court treated as a motion for summary judgment. See State ex rel. Sharif v. McDonnell (May 25, 2000), Cuyahoga App. No. 77120, unreported. Appellant is apparently referring to these motions when he asserts that the court converted the State's motion to dismiss to a motion for summary judgment. Curiously, however, even if appellant were referring to these motions, we note that rather than granting respondent's motion for summary judgment, we granted appellant's petition for the writ. In any event, appellant's argument with respect to the State's phantom motion to dismiss is without merit.
Appellant's assertion that the State did not respond to his petition for postconviction relief, however, is correct. Accordingly, we consider whether the State's failure to respond to appellant's petition for postconviction relief renders the trial court's dismissal on the basis that appellant's petition was untimely filed erroneous. We conclude that it does not.
First, we note that the trial court summarily dismissed appellant's petition on August 18, 1999, only seven days after it was filed and before the State responded to the petition. Thus, the State did not respond to appellant's petition because there was no need to respond.
Moreover, the lack of any response from the State does not change the fact that appellant's petition was untimely pursuant to R.C.2953.21(A)(2) (see discussion regarding lack of timeliness on pp. 8-10). The requirement that appellant timely file his petition is a statutory requirement that cannot be waived by the State.
Finally, contrary to appellant's argument, R.C. 2953.21(D) sets forth the time limit for the State's response to a petition for postconviction relief, not Civ.R. 12(A). R.C. 2953.21(D) provides:
 Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are made up, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record.
R.C. 2953.21(D) does not mandate a response to a petition for postconviction relief from the State, however. State v. Skelnar (1991),71 Ohio App.3d 444, 446; State v. Waites (Feb. 26, 1999), Lake App. Nos. 97-L-102, 97-L-103. Moreover, the State's failure to respond to a petition for postconviction relief does not mandate judgment in favor of the petitioner. Id. Regardless of whether or not the State responds to a petition for postconviction relief, R.C. 2953.21(C) requires the court to sua sponte analyze the petition. State v. McCabe (Sept. 14, 1998), Washington App. No. 97CA32, unreported, citing State v. Wiles (Apr. 10, 1998), Portage App. No. 97-P-0028, unreported; State v. Johnson (Apr. 17, 1997), Scioto App. No. 96CA2441, unreported.
Here, the trial court sua sponte analyzed appellant's petition, even before the State had responded to the petition, and correctly concluded that pursuant to R.C. 2953.21(A)(2), appellant's petition was untimely filed. Accordingly, the trial court properly dismissed appellant's petition.
Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR TWO
R.C. 2953.21(A)(2) now generally requires that a petition for postconviction relief be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *. This time limit was imposed by Senate Bill 4, which became effective September 21, 1995.
Section 3 of Senate Bill 4, however, contained a savings provision which provided a grace period of one year from the effective date to provide for those individuals, such as appellant, who were convicted before September 21, 1995:
 A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
Appellant was convicted on June 15, 1989 and sentenced on June 21, 1989, prior to the effective date of Senate Bill 4. Therefore, pursuant to the savings provision set forth in Senate Bill 4, appellant was required to file his petition for postconviction relief no later than September 21, 1996, one year after the effective date of Senate Bill 4. The record reflects that appellant did not file his petition until August 11, 1999, long after the expiration of the statutory deadline. Therefore, appellant's petition was untimely.
R.C. 2953.23(A) provides that a trial court cannot entertain an untimely petition for postconviction relief unless: 1) the petitioner shows either that he was unavoidably prevented from discovering the facts upon which he relies in his petition, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner; and 2) the petitioner shows by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial.
Appellant did not allege in his petition that any of the exceptions set forth in R.C. 2953.23(A) applied. Moreover, a review of appellant's petition reveals that he did not meet either of the criteria set forth in R.C. 2953.23(A). The provisions of R.C. 2953.23(A) are jurisdictional in nature; absent a petitioner's demonstration that the requisites set forth in R.C. 2953.23(A) apply, a trial court has no jurisdiction to determine the merits of the petition. State v. Sinclair (July 19, 2001), Cuyahoga App. No. 78662, unreported. Accordingly, the trial court properly dismissed appellant's petition as untimely filed.
Appellant contends, however, that the time limit imposed by Senate Bill 4 for a petition for postconviction relief violates the Ex Post Facto Clause of the United States Constitution. He also contends that the retroactive application of the time limit contained in amended R.C.2953.21 to bar his petition for postconviction relief violates Article II, Section 28 of the Ohio Consitution because it takes away his accrued right under former R.C. 2953.21 to file a petition at any time. We disagree.
Senate Bill 4 is not an ex post facto law nor are the timing requirements set forth therein unconstitutionally retroactive. State v. Dillon (Jan. 25, 2001), Monroe App. No. 809, unreported; State v. Lee (June 8, 2000), Franklin App. No. 99AP-668, unreported; State v. Risner (May 13, 1999), Putnam App. No. 12-98-12, unreported; State v. Buoscio (Dec. 27, 1999), Mahoning App. No. 98-CA-7, unreported; State v. Walkup (Dec. 21, 1999), Morgan App. No. 99CA06, unreported; State v. Wright (Dec. 30, 1998), Scioto App. No. 98CA2594, unreported; State v. Ayala (Nov. 10, 1998), Franklin App. Nos. 98AP-349, 98AP-350, unreported; State v. Huff (June 11, 1997), Lawrence App. No. 96CA47, unreported.
Accordingly, appellant's second assignment of error is overruled.
 ASSIGNMENTS OF ERROR THREE THROUGH TEN
The trial court properly dismissed appellant's petition as untimely. Accordingly, we need not consider these assignments of error.
 We note, however, that even if appellant's petition had been timely filed, appellant's third, fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error raise issues that should have been raised on direct appeal and, therefore, are barred by the doctrine of res judicata. State v. Reynolds (1997), 79 Ohio St.3d 158; State v. Duling (1970), 21 Ohio St.2d 13.
Assignments of error three, four, five, six, seven, eight, nine and ten are therefore overruled.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and JAMES D. SWEENEY, J., CONCUR.
[1] We are somewhat puzzled, therefore, by the State's contention that the trial court was within its authority and discretion to entertain the State's motion to dismiss. No such motion to dismiss was ever filed.
 APPENDIX A I. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF ON THE ISSUE OF TIMELINESS WHERE THE RESPONDENT-PLAINTIFF HAD FAILED TO FILE AN ANSWER WITHIN THE 10 DAY REQUIREMENT OF SERVICE AND COMPLAINT AS REQUIRED BY CIV.R. 12(A)(1) CONSTITUTED A WAIVER OF THE JURISDICTIONAL DEFENSE AND CREATED PLAIN ERROR CRIM. R. 52(B) ON THE RECORD.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING THE POST-CONVICTION RELIEF FOR BEING UNTIMELY FILED WAS TO APPLY EX POST FACTO LAW ALTERING DEFENDANT'S SITUATION TO HIS DETRIMENT OR DISADVANTAGE IMPAIRS A VESTED RIGHT ACQUIRED UNDER PRIOR EXISTING LAW CREATING A NEW OBLIGATION, IMPOSES A NEW DUTY, ATTACHES A NEW DISABILITY TO REDRESS VIOLATION OF FEDERAL AND STATE CONSTITUTIONAL RIGHTS BY S.B. 4, O.R.C. S 2953.21(A)(1)(2), UNCODIFIED LAW WHICH IS APPLIED RETROSPECTIVELY AND NECESSARILY EX POST FACTO AND PROHIBITED BY THE UNITED STATES CONSTITUTION ARTICLE I S 10 AND ARTICLE II S 28 OF THE OHIO CONSTITUTION.
 III. THE DEFENDANT-PETITIONER, ABDUL SHARIF WAS DENIED THE REASONABLE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED UNDER THE SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION AT HIS TRIAL AND BEFORE TRIAL.
 A. WHERE COUNSEL FAILED TO INVESTIGATE A PARTICULAR PIECE OF EVIDENCE THAT COULD HAVE HELPED CORROBORATE THE DEFENDANT-PETITIONER'S VERSION OF EVENTS SURROUNDING THE DEATH OF DEFENDANT-PETITIONER'S WIFE.
 B. TRIAL COUNSEL WAS REASONABLY INEFFECTIVE FOR FAILING TO HAVE AN EXPERT EXAMINE THE SHOTGUN TO DETERMINE ITS OPERABILITY, RELATIVE TO THE MECHANISM WHICH WOULD MAKE THE SHOTGUN DISCHARGE DUE TO MECHANICAL MALFUNCTION.
 IV. TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO ENHANCE THE DEFENDANT'S SENTENCE UNDER A FIREARMS D SPECIFICATION WITHOUT PROVING OPERABILITY BEYOND A REASONABLE DOUBT PURSUANT R.C. SS 2923.11 AND 2929.71(A), OF THE OHIO REVISED CODE, WHERE THE DEFENDANT CLAIMS THAT THE OFFENSE WAS ACCIDENTAL DENIED THE DEFENDANT DUE PROCESS UNDER THE FOURTEENTH AMENDMENT To THE UNITED STATES CONSTITUTION AND ARTICLE I SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, RAISING PLAIN ERROR CRIM. R. 52(B).
 V. THE DEFENDANT-PETITIONER, ABDUL SHARIF WAS DENIED THE SIXTH AMENDMENT RIGHT TO REPRESENTATION BY COUNSEL ALL CRITICAL STAGES OF THE PROSECUTION AND TRIAL PROCEEDINGS WAS DENIAL OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION AND WAS PLAIN ERROR UNDER CRIM. R. 52(B).
 VI. THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHICH IS EVIDENCE INSUFFICIENT TO SUPPORT SAID CONVICTION FOR MURDER.
 VII. THE TRIAL COURT ERRED IN ITS FAILURE TO PROPERLY INSTRUCT THE JURY FAILING TO INSTRUCT THE JURY ON ACCIDENT WHERE IT WAS ASSERTED BY DEFENSE COUNSEL AS AN AFFIRMATIVE DEFENSE WHERE SUCH ACTION BY THE COURT DENIED DUE PROCESS TO A FAIR AND IMPARTIAL HEARING WAS PLAIN ERROR CRIM. R. 52(B).
 A. TRIAL COURT ERRED ABUSING ITS DISCRETION FAILING TO INSTRUCT JURY ON ACCIDENT WHERE THE DEFENSE COUNSEL SUBMITTED AFFIRMATIVE DEFENSE ON AN ACCIDENTAL DEATH.
 B. TRIAL COURT ERRED ABUSING ITS DISCRETION BY FAILING TO SUBMIT AFFIRMATIVE DEFENSE BEFORE THE JURY, WHICH WAS ABANDONED BY THE COURT LED TO PREJUDICIAL ERROR.
 VIII. THE DEFENDANT-PETITIONER, ABDUL SHARIF WAS DENIED DUE PROCESS AND EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 AND 16 OF THE OHIO CONSTITUTION WHERE HE WAS SUBJECTED TO PROSECUTORIAL MISCONDUCT DURING JURY TRIAL RENDERING TRIAL UNFAIR AND IMPARTIAL RESULTING IN PREJUDICIAL ERROR CRIM. R. 52(B).
 A. THE PROSECUTION FAILED TO DISCLOSE FAVORABLE EXCULPATORY EVIDENCE TO THE DEFENSE SO AS TO AVOID DENIAL OF THE ACCUSED'S DUE PROCESS RIGHT TO A FAIR TRIAL.
 B. DEFENDANT ABDUL SHARIF WAS PREJUDICED BY COMMENTS MADE BY THE PROSECUTION'S REMARK TO THE JURY WHICH WAS NOT CURED BY THE TRIAL COURT AND WAS PREJUDICIAL ERROR CRIM. R. 52(B) AND DENIED MR. SHARIF A FAIR TRIAL AND DUE PROCESS UNDER THE FOURTEENTH AMENDMENT.
 IX. THE DEFENDANT-PETITIONER ABDUL SHARIF WAS DENID THE REASONABLE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I
SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.
 A. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO OBJECT TO THE ADMISSION OF A PICTURE OF THE SHOTGUN WHERE POLICE OFFICER TESTIFIED THAT HE HAD TAMPERED WITH EVIDENCE (SHOTGUN) BEFORE PICTURE WAS TAKEN.
 B. TRIAL COUNSEL WAS EQUALLY INEFFECTIVE IN WITHHOLDING THE EVIDENCE THAT THE GUNSHOT WENT INTO THE CEILING AND FURTHER FAILING TO SUBPOENA LANDLORD WHO COULD TESTIFY THAT THE BLAST FROM THE SHOTGUN WENT INTO THE CEILING.
 C. THE EFFECT OF CUMULATIVE ERRORS BY TRIAL COUNSEL NUMBER OF DEFICIENCIES CAUSE CUMULATIVE PREJUDICE TO THE DEFENDANT CAUSING PLAIN ERROR, CRIM. R. 52(B) ON THE RECORD.
 X. THE DEFENDANT-PETITIONER ABDUL SHARIF WAS DENIED DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I SS 10 AND 16 OF THE OHIO CONSTITUTION IN THAT SHARIF WAS GIVEN NOTICE OF THE CHARGES AGAINST HIM WHEN TRIAL COURT AMENDED INDICTMENT WHICH DENIED HIM ADEQUATE PREPARATION OF HIS DEFENSE WAS PLAIN ERROR UNDER CRIM R. 52 (B) RESULTED IN PREJUDICE RENDERING THE TRIAL UNFAIR.