OPINION
{¶ 1} Defendant-appellant, Thomas Allen Smith, appeals his sentence in the Belmont County Common Pleas Court for burglary. Smith's principal argument is that application of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, to crimes before that case was decided violates the Ex Post Facto and Due Process clauses of the United States Constitution.
 {¶ 2} After having been arrested, Smith was arraigned in Belmont County Court, Western Division, on December 22, 2005, on one count of burglary, in violation of R.C. 2911.12(A)(2), a second-degree felony under R.C. 2911.12(C). The burglary occurred on December 18, 2005. Bond was set at $30,000.00 and a preliminary hearing was set for December 29, 2005.
 {¶ 3} On December 29, 2005, Smith appeared with appointed counsel and waived the preliminary hearing. Pursuant to discussions between Smith's counsel and plaintiff-appellee, State of Ohio, a bill of information was filed on January 5, 2006, and Smith's counsel was given additional time to review discovery.
 {¶ 4} On January 20, 2006, all parties appeared for a hearing in the Belmont County Common Pleas Court. Pursuant to a felony plea agreement, Smith and the State agreed that Smith would waive the indictment and plead guilty as charged in the bill of information. Smith also agreed to plead guilty to a violation of his community control sanctions stemming from case No. 04-CR-282. The State agreed to recommend a three-year prison term for the burglary charge to run concurrent with the violation of his community control sanctions. The agreement also required Smith to forfeit a vehicle.
 {¶ 5} On January 27, 2006, the trial court sentenced Smith to a three-year prison term.[1] In sentencing, the court considered the following: the victim suffered emotional and economic harm; Smith has a history of criminal convictions, including misconduct at an emergency, four for misuse of credit cards, and three for forgery; Smith has not responded favorably to sanctions previously imposed; the offenses demonstrated a pattern of dishonesty with no acknowledgement or genuine attempt *Page 2 
at treatment; Smith had failed to demonstrate genuine remorse; and Smith was on community control sanctions (in case No. 04-CR-282) at the time of the present offense. The court also found that after reviewing the seriousness and recidivism factors, a prison sentence was consistent with the purpose and principles of sentencing under R.C. 2929.11. More specifically, the court found that prison was commensurate with the seriousness of Smith's conduct and that prison was reasonably necessary to punish and deter Smith in order to protect the public from future crime and that it would not place an unnecessary burden on governmental resources.
 {¶ 6} Of particular relevance here, the trial court found that a non-minimum sentence was necessary pursuant to R.C. 2929.14(B) because the shortest sentence would demean the seriousness of Smith's conduct and would not adequately protect the public from further crimes by Smith or others.
 {¶ 7} Subsequently, Smith filed a request for a delayed appeal along with a notice of appeal on August 18, 2006. As the basis for this request, Smith asserted that his counsel had led him to believe he had filed an appeal on Smith's behalf. In a September 25, 2006 journal entry, this court granted appellant leave to file a delayed appeal and appointed counsel to represent him.[2]
 {¶ 8} Smith's sole assignment of error states:
 {¶ 9} "The trial court erred by imposing a non-minimum sentence on Mr. Smith in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution. (Sent. Tr. 15-17; Jan. 27, 2006 Entry)."
 {¶ 10} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Ohio Supreme Court held that the provisions of the Revised Code relating to non-minimum (R.C. 2929.14[B]), maximum (R.C. 2929.14[C]), and consecutive sentences (R.C. 2929.14[E][4]) are unconstitutional because they require a judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the *Page 3 
defendant before imposition of a sentence greater than the "statutory maximum." Smith argues that the trial court erred in retroactively applying Foster to a crime that was committed before that case was decided. He seeks modification of his sentence to the two-year minimum provided for under statute. R.C. 2929.14(A)(2).
 {¶ 11} Smith's argument is rather peculiar because the trial court didnot apply Foster to his case. It simply couldn't have because Smith was sentenced prior to the Foster decision. Smith was sentenced on January 27, 2006, and Foster was not decided until a month later on February 27, 2006. In its sentencing entry, the trial court made non-minimum sentence findings which were specifically and subsequently ruled unconstitutional under Foster.
 {¶ 12} In his reply brief, however, Smith acknowledges thatFoster was not applied by the sentencing court to his case and instead refines his argument to assert that his sentence should be reversed under Foster and his case remanded for resentencing.
 {¶ 13} Nonetheless, in this case, Smith's sentence is not subject to appellate review. Neither the defendant nor the prosecution may appeal from a sentence that is recommended by both parties and is authorized by law. R.C. 2953.08(D)(1) states, in relevant part:
 {¶ 14} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 15} A sentence is authorized by law if it is within the statutory range of available sentences. State v. Gray, 7th Dist. No. 02 BA 26, 2003-Ohio-805, at ¶ 10.
 {¶ 16} Specifically, concerning Foster arguments, this Court has noted:
 {¶ 17} "The Ohio Supreme Court's recent decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-0856, does not change this rule of law. In Foster, the Ohio Supreme Court held that portions of Ohio's felony sentencing scheme were unconstitutional and severed those unconstitutional portions from the felony *Page 4 
sentencing statutes. In doing so, the Ohio Supreme Court left the range of sentences authorized by law unchanged. Thus, any sentence imposed upon an offender within the statutory range remains a sentence authorized by law." State v. Byer, 7th Dist. No. 05 CA 827,2006-Ohio-3093, at ¶ 4.
 {¶ 18} The parties herein negotiated a plea agreement for a three-year prison term for the theft conviction to be served concurrently with the violation of community control sanctions. The written agreement was signed and dated by all parties on January 20, 2006, and entered into the record orally at the change of plea hearing that same day. It is equally apparent from the transcript of the plea hearing that Smith understood and agreed to the terms of the agreement, including the three-year prison term. Therefore, both the State and Smith jointly recommended the agreement, and the trial court accepted the agreement and later imposed the recommended sentences.
 {¶ 19} The sentence the trial court imposed fell within the statutory range and, therefore, was authorized by law. Since Smith's sentence was jointly recommended, authorized by law, and imposed by the sentencing judge, he cannot appeal that sentence.
 {¶ 20} Even if Smith could appeal his sentence and Foster had been applied to his case, this Court has conclusively found Foster does not violate a defendant's due process rights or the ex post facto clause.State v. Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio-1572, at ¶ 75.
 {¶ 21} Accordingly, Smith's sole assignment of error is without merit. *Page 5 
 {¶ 22} The judgment of the trial court is hereby affirmed.
Vukovich, J. concurs.
Waite, J., concurs.
[1] The sentencing entry is file-stamped January 31, 2006.
[2] Smith also filed a petition for postconviction relief which was denied by the trial court and is pending on appeal before this Court inState v. Smith, 7th Dist. No. 06-BE-64. *Page 1