OPINION
{¶ 1} Defendant-appellant, Thomas Allen Smith, appeals the decision of the Belmont County Common Pleas Court overruling his petition for postconviction relief. Smith was sentenced to a three-year prison term for burglary and a violation of his community control sanctions.
 {¶ 2} After arrest, Smith was arraigned in Belmont County Court, Western Division, on December 22, 2005, on one count of burglary, in violation of R.C. 2911.12(A)(2), a second-degree felony under R.C.2911.12(C). The burglary occurred on December 18, 2005. Bond was set at $30,000.00 and a preliminary hearing was set for December 29, 2005.
 {¶ 3} On December 29, 2005, Smith appeared with appointed counsel and waived the preliminary hearing. Pursuant to discussions between Smith's counsel and plaintiff-appellee, State of Ohio, a bill of information was filed on January 5, 2006, and Smith's counsel was given additional time to review discovery.
 {¶ 4} On January 20, 2006, all parties appeared for a hearing in the Belmont County Common Pleas Court. Pursuant to a felony plea agreement, Smith and the State agreed that Smith would waive the indictment and plead guilty as charged in the bill of information. Smith also agreed to plead guilty to a violation of his community control sanctions stemming from case No. 04-CR-282. The State agreed to recommend a three-year prison term for the burglary charge to run concurrent with the violation of his community control sanctions. The agreement also required Smith to forfeit a vehicle.
 {¶ 5} In an entry dated January 27, 2006 and file-stamped January 31, 2006, the trial court sentenced Smith to a three-year prison term. In sentencing, the court considered the following: the victim suffered emotional and economic harm; Smith has a history of criminal convictions, including misconduct at an emergency, four for misuse of credit cards, and three for forgery; Smith has not responded favorably to sanctions previously imposed; the offenses demonstrated a pattern of dishonesty with no acknowledgement or genuine attempt at treatment; Smith failed to demonstrate genuine remorse; and Smith was on community control sanctions (in case No. 04-CR-282) at the time of the present offense. The court also found that *Page 2 
after reviewing the seriousness and recidivism factors, a prison sentence was consistent with the purpose and principles of sentencing under R.C. 2929.11. More specifically, the court found that prison was commensurate with the seriousness of Smith's conduct and that prison was reasonably necessary to punish and deter Smith in order to protect the public from future crime and that it would not place an unnecessary burden on governmental resources.
 {¶ 6} Of relevance here, the trial court found that a non-minimum sentence was necessary pursuant to R.C. 2929.14(B) because the shortest sentence would demean the seriousness of Smith's conduct and would not adequately protect the public from further crimes by Smith or others. On a delayed, direct appeal, this Court affirmed Smith's sentence inState v. Smith, 7th Dist. No. 06-BE-42, 2007-Ohio-4990.
 {¶ 7} On August 18, 2006, Smith filed a pro se petition for postconviction relief in the trial court. Because he had not received back a time-stamped copy of the petition, he refiled it on September 5, 2006. The trial court overruled Smith's petition on November 7, 2006, without a hearing. This appeal followed.
 {¶ 8} Still proceeding pro se, Smith has filed an appellate brief setting forth seven assignments of error. Before addressing those assignments of error, the standard of review concerning most of them is as follows.
 {¶ 9} R.C. 2953.21 governs postconviction proceedings. R.C. 2953.21(C) provides in part:
 {¶ 10} "Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript."
 {¶ 11} In State v. Calhoun (1999), 86 Ohio St.3d 279, 282-83,714 N.E.2d 905, the Ohio Supreme Court held: *Page 3 
 {¶ 12} "According to the postconviction relief statute, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing.State v. Cole (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169. Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief (R.C.2953.21[C]), i.e., whether there are grounds to believe that `there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.' (Emphasis added.) R.C. 2953.21(A)(1)."
 {¶ 13} The Court also went on to hold that it is not unreasonable to require the defendant to show in his petition for postconviction relief that the alleged errors resulted in prejudice before a hearing is scheduled. Id. at 283. Therefore, before a hearing is granted, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the merit of his claims.
 {¶ 14} Thus, the trial court must determine if a hearing is warranted based upon the petition, supporting affidavits, and all of the files and records pertaining to the proceedings. State v. Pierce (1998),127 Ohio App.3d 578, 586, 713 N.E.2d 498; State v. Smith (Dec. 11, 1997), 7th Dist. No. 96-JE-44. A trial court's decision regarding whether or not to conduct an evidentiary hearing in postconviction matters is governed by the "abuse of discretion" standard. Smith, 7th Dist. No. 96-JE-44. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149, 151, 666 N.E.2d 1134.
 {¶ 15} Smith's first and third assignments of error state:
 {¶ 16} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST CONVICTION PETITION AND DENYING AN EVIDENTIARY HEARING TO PRESENT ALL ARGUMENTS IN FULL THUS VIOLATING APPELLANT'S FOURTEENTH AMENDMENT DUE PROCESS RIGHTS."
 {¶ 17} "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S *Page 4 
PETITION FOR POST CONVICTION RELIEF WITHOUT A MOTION OR ANSWER FROM THE STATE AND WITHOUT GIVING NOTICE TO THE PETITIONER, THUS VIOLATING PETITIONER'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS [sic] DUE PROCESS CLAUSES TO THE UNITED STATES CONSTITUTION, AND ARTICLEI, SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 18} Under these assignments of error, Smith essentially argues that he was entitled to a hearing simply because the State did not respond to his petition. The State is not mandated to respond to a petition for postconviction relief under R.C. 2953.21(D). State v. Skelnar (1991),71 Ohio App.3d 444, 446, 594 N.E.2d 88. The State's failure to respond to a petition for postconviction relief does not necessarily mean that the petitioner automatically gets judgment in their favor either. Id. Rather, a petitioner's remedy for the failure of the State to respond to a postconviction petition is to move for ruling without the State's response. State v. Halliwell (1999), 134 Ohio App.3d 730, 736,732 N.E.2d 405.
 {¶ 19} Accordingly, Smith's first and third assignments of error are without merit.
 {¶ 20} Smith's second, fourth, and fifth assignments of error are interrelated so they will be addressed together. They state, respectively:
 {¶ 21} "THE TRIAL COURT ERRED BECAUSE THE FINDINGS OF FACT CONTAINED IN THE COURTS [sic] FINAL ORDER AND JUDGMENT ENTRY OF NOVEMBER 7, 2006 WERE BASED ON AN UNREASONABLE DETERMINATION OF THE UNDERLYING FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE POST CONVICTION RELIEF PETITION, PURSUANT TO R.C. 2953.21."
 {¶ 22} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT AN EVIDENTIARY HEARING IN VIOLATION OF HIS RIGHTS UNDER THE FOURTH, SIXTH, ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION, WHEN PETITIONER HAD ATTACHED EVIDENCE THAT DEHORS THE RECORD." *Page 5 
 {¶ 23} "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION FOR FAILURE TO FILE ANY PRETRIAL MOTIONS, I.E., A MOTION TO SUPPRESS."
 {¶ 24} Smith attached to his petition for postconviction relief copies of the search warrant and affidavit in support. The warrant was signed and executed on December 21, 2005. Smith was arraigned the next day. Smith argues that the warrant lacks sufficient particularity and that his trial counsel was ineffective for having failed to file a motion to suppress the fruits of the search on that basis.
 {¶ 25} The State responds that Smith's trial counsel orally requested and was given all discovery materials prior to plea discussions. The State implies that Smith's trial counsel did not pursue the validity of the search warrant because of or in exchange for the "deal" it was "giving" Smith — "`two' crimes for the price of `one'" as they refer to it. (State's Brief, p. 12.) The State also argues that Smith's claim of ineffective assistance of counsel should have been raised on direct appeal and, therefore, are barred by res judicata.
 {¶ 26} Initially, it should be noted that the State's argument concerning res judicata is without merit. Smith's contentions are based on evidence outside of the record. The search warrant and affidavit werenot part of the record in his direct appeal. It is well recognized that when claims of ineffective assistance are based on evidence outside the record, the appropriate procedure is to further develop the record through postconviction proceedings. State v. Gibson (1980),69 Ohio App.2d 91, 95, 430 N.E.2d 954. Specifically, a petitioner seeking to establish a claim of ineffective assistance of counsel based on counsel's failure to file a motion to suppress evidence that was obtained by a search warrant should be raised in postconviction proceedings. State v. Farris, 8th Dist. No. 84795, 2005-Ohio-1749, at ¶ 8-9. See, also, State v. Castile, 6th Dist. No. E-02-012,2005-Ohio-41, at ¶ 60.
 {¶ 27} "Where ineffective assistance of counsel is alleged in a petition for postconviction relief, the defendant, in order to secure a hearing on his petition, must proffer evidence which, if believed, would establish not only that his trial counsel had *Page 6 
substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant." State v. Cole (1982), 2 Ohio St.3d 112, 114, 443 N.E.2d 169.
 {¶ 28} To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. Id. To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different.Bradley, 42 Ohio St.3d at paragraph three of the syllabus.
 {¶ 29} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution guarantee "the right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." California v. HodariD. (1991), 499 U.S. 621, 111 S.Ct. 1547, 113 L.E.2d 690; State v.Gross, 7th Dist. No. 01-CA-115, 2002-Ohio-3465, at ¶ 15. Both constitutional provisions further provide that "no warrants shall issue, but upon probable cause, supported by oath or affirmation andparticularly describing the place to be searched, and the person or things to be seized." (Emphasis added.) Id. All evidence obtained in violation of a defendant's Fourth Amendment rights must be excluded at trial. Mapp v. Ohio (1961), 367 U.S. 643, 655, 81 S.Ct. 1684, 1691,6 L.Ed.2d 1081.
 {¶ 30} R.C. 2933.22(A) provides, "[a] warrant of search or seizure shall issue only upon probable cause, supported by oath or affirmationparticularly describing the place to be searched and the property and things to be seized." (Emphasis added.)
 {¶ 31} And R.C. 2933.23 states in pertinent part:
 {¶ 32} "A search warrant shall not be issued until there is filed with the judge *Page 7 
or magistrate an affidavit that particularly describes the place to be searched, names or describes the person to be searched, and names or describes the property to be searched for and seized; that states substantially the offense in relation to the property and that the affiant believes and has good cause to believe that the property is concealed at the place or on the person; and that states the facts upon which the affiant's belief is based. The judge or magistrate may demand other and further evidence before issuing the warrant. If the judge or magistrate is satisfied that grounds for the issuance of the warrant exist or that there is probable cause to believe that they exist, he shall issue the warrant, identifying in it the property and naming or describing the person or place to be searched." (Emphasis added.) See, also, Crim. R. 41(C).
 {¶ 33} In this case, the search warrant and supporting affidavit particularly describe the place to be searched (i.e., Smith's residence). However, they do not appear to describe with sufficient particularity the property and things to be seized. Describing the property and things to be seized, both the warrant and affidavit state, "Cash Monies, Any newly purchased items that Officers believe may have been purchased with stolen monies, and evidence of any other criminal activity, and or contraband." The affidavit itself sets forth absolutely no facts, let alone facts that would support issuance of a search warrant for Smith's residence. The warrant and affidavit are almost a carbon copy of each other and lack any substantive information that would support the warrant's issuance.
 {¶ 34} The issue turns now to whether it was ineffective assistance of counsel for failing to pursue the validity of the warrant. "[G]enerally, trial counsel's failure to file a motion to suppress does not per se constitute ineffective assistance of counsel." State v. Pimental, 8th Dist. No. 84034, 2005-Ohio-384, at ¶ 15. However, "[a] failure to file a motion to suppress could constitute ineffective assistance of counsel where there is a strong possibility that it would have been granted."State v. Davis, 8th Dist. No. 85477, at ¶ 20, citing State v.Garrett (1991), 76 Ohio App.3d 57, 600 N.E.2d 1130.
 {¶ 35} Smith attempts to analogize his case with that of State v.Sproat (Dec. *Page 8 
19, 1997), 2d Dist. No. 16466. Sproat pleaded guilty to drug abuse and was sentenced to an eighteen-month term of incarceration. His sentence was suspended and he was placed on probation. Due to subsequent offenses, Sproat's probation was revoked and the eighteen-month sentence was reinstated. He filed a petition for post conviction relief alleging his trial counsel was ineffective for failing to file a motion to suppress the evidence upon which the drug abuse charge was based. He set forth in detail the circumstances surrounding a traffic stop in which a subsequent, warrantless search of his car yielded cocaine. The trial court denied his petition without a hearing and he appealed to the Second District Court of Appeals.
 {¶ 36} On appeal, the Second District opined that if the facts surrounding the traffic stop were as Sproat purported them to be, competent counsel should have recognized a motion to suppress would have been granted, leaving the State without evidence to support the drug abuse charge. Citing State v. Kapper (1983), 5 Ohio St.3d 36,448 N.E.2d 823, the State argued that if the record contradicts the petitioner's factual claims, the petitioner must present more than his own self-serving affidavit to justify a hearing. The court dismissed this argument emphasizing that in Sproat's case, the record did not belie his claim of an unlawful search. Noting that the record was silent as to the underlying facts surrounding the search, the court held that Sproat's self-serving affidavit was sufficient to warrant a hearing at which he could attempt to prove his allegations.
 {¶ 37} Sproat is distinguishable from Smith's case because Sproat made two key allegations that Smith did not. First, Sproat contended that his trial counsel threatened to withdraw unless he took the plea bargain offered by the State. Second, he maintained that his conviction could not stand but for the cocaine that was discovered as a result of the allegedly unlawful search. Unlike Sproat, Smith did not contend that he was coerced into taking a plea deal or that the only evidence there was to support the burglary charge was that obtained as a result of the search warrant.
 {¶ 38} As mentioned earlier and as illustrated by Sproat, in order to establish ineffective assistance of counsel, the petitioner must show that he has been *Page 9 prejudiced by counsel's deficient performance. He must prove that, but for counsel's errors, the result of the proceedings below would have been different. Here, Smith did not explain or prove how he was prejudiced by his trial counsel's failure to contest the validity of the search warrant. For example, there is nothing in the record to refute the idea that Smith and his attorney simply decided to forego contesting the warrant in light of the deal that was being offered to him (i.e., "`two' crimes for the price of `one'"). The fact that Smith waived the preliminary hearing and agreed to the filing of a bill of information supports that. Indeed, Smith was facing a possible prison term of two to eight years on the burglary charge. R.C. 2929.14(A)(2). The maximum sentence he faced for a violation of the community control sanctions was twelve months. Therefore, Smith faced a possible total nine-year prison term and yet, received only a three-year term. Again, Smith never contended that not pursuing the validity of the search warrant was not part of the plea bargain or that he was otherwise coerced into taking the deal. Additionally, Smith has not alleged that the evidence taken as a result of the search warrant was the only evidence upon which he could have been convicted. For instance, the record reveals that there were codefendants. Perhaps they gave statements or confessions which implicated him. But with a record fairly devoid of the underlying facts and Smith's failure to aver facts upon which prejudice could be inferred, we are left to presume the regularity of the proceedings below. In sum, Smith failed to establish the prejudice prong of ineffective assistance of counsel claim.
 {¶ 39} Accordingly, Smith's second, fourth, and fifth assignments of error are without merit.
 {¶ 40} Smith's sixth assignment of error states:
 {¶ 41} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MORE THAN THE MINIMUM SENTENCE IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND CONTRA TO THE UNITED STATE'S [sic] SUPREME COURT'S DECISION IN BLAKELY V. WASHINGTON, 124 S.Ct. 2531, AND UNITED STATES V. BOOKER, 125 S.Ct. 738." *Page 10 
 {¶ 42} Under Blakely and the Ohio Supreme Court's subsequent decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, applying Blakely to Ohio's felony sentencing statutes and rendering some of its provisions unconstitutional, Smith argues that he should have been sentenced to the statutory minimum of two years in prison rather than the three years he received.
 {¶ 43} As we indicated in our opinion addressing Smith's direct, delayed appeal (State v. Smith, 7th Dist. No. 42, 2007-Ohio-4990), Smith cannot appeal his sentence because the three-year sentence was agreed to as part of a felony plea agreement between himself and the State, was later imposed by the sentencing court, and was otherwise authorized by law (i.e., within the statutory range of sentences for second-degree felonies). R.C. 2953.08(D)(1).
 {¶ 44} Moreover, Smith cannot raise a Foster issue in this appeal. As mandated by the United States Supreme Court's decision in United Statesv. Booker (2005), 543 U.S. 220, 268, 125 S.Ct. 738, 160 L.Ed.2d 621, theFoster Court only applied its holding retroactively to cases that were then pending on direct review. Foster at ¶ 106. Thus, Foster is inapplicable to postconviction proceedings. State v. Pryor, 5th Dist. No. 06 CA 28, 2006-Ohio-6724, at ¶ 13; State v. Ayers, 6th Dist. No. E-05-079, 2006-Ohio-5108, at ¶ 15; State v. Williams, Franklin App. No. 05AP-339, 2006-Ohio-2197, at ¶ 28.
 {¶ 45} Accordingly, Smith's sixth assignment of error is without merit.
 {¶ 46} Smith's seventh assignment of error states:
 {¶ 47} "APPELLANT WAS DENIED EQUAL PROTECTION AND DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION DUE TO THE CUMULATIVE EFFECTS OF THE ERRORS SET FORTH HEREIN."
 {¶ 48} Having discovered no errors, harmless or otherwise, the cumulative error doctrine is not applicable to this case. State v.Cornwell, 7th Dist. No. 00-CA-217, 2002-Ohio-5177, at ¶ 88, citingState v. Garner (1995), 74 Ohio St.3d 49, 64, 656 N.E.2d 623.
 {¶ 49} Accordingly, Smith's seventh assignment of error is without merit. *Page 11 
 {¶ 50} The judgment of the trial court is hereby affirmed.
Vukovich, J. concurs.
 Waite, J., concurs. *Page 1