[Cite as *State v. Hood*, 2017-Ohio-8920.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 17 MO 0002 |
| V. | ) | |
| | ) | OPINION |
| JASON G. HOOD, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
Pleas of Monroe County, Ohio
Case No. 2014-292

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee     James L. Peters
Monroe County Prosecutor
101 N. Main Street, Rm. 15
Woodsfield, Ohio 43793

For Defendant-Appellant     Attorney Keith Golden
923 East Broad Street
Columbus, Ohio 43205-1101

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: December 4, 2017

DONOFRIO, J.

{¶1} Defendant-appellant, Jason Hood, appeals from a Monroe County Common Pleas Court judgment granting summary judgment in favor of plaintiff-appellee, the State of Ohio, on appellant's postconviction petition.

{¶2} On August 15, 2014, a Monroe County Grand Jury indicted appellant on four counts of rape of a child under 13 years of age, first-degree felonies in violation of R.C. 2907.02(A)(1)(b), and three counts of gross sexual imposition, third-degree felonies in violation of R.C. 2907.05(A)(4).

{¶3} Appellant initially entered a not guilty plea. But after negotiations, the state amended two of the rape counts to two counts of sexual battery, second-degree felonies in violation of R.C. 2907.03(A)(5). It dismissed the remaining five counts against appellant. Appellant then entered a guilty plea to the amended charges. The parties also agreed to recommend a sentence of five years on each of the two sexual battery counts, to be served consecutively for a total sentence of ten years.

{¶4} The trial court accepted appellant's plea. It entered a judgment of conviction on November 10, 2015. The court imposed the recommended ten-year prison sentence. It also classified appellant as a Tier III sex offender. Appellant did not file a direct appeal.

{¶5} Over a year later, on December 8, 2016, appellant filed a postconviction petition in the trial court alleging ineffective assistance of counsel. He claimed his counsel was ineffective in failing to request a competency evaluation and in failing to investigate possible DNA evidence and possible fabricated evidence. Appellant also asserted that due to his counsel's ineffectiveness, he was unable to enter a knowing, voluntary, and intelligent plea.

{¶6} The state filed a motion for summary judgment. The state asserted that appellant had not demonstrated that his counsel's performance was deficient, or that he was prejudiced by the alleged deficient performance. It also argued that appellant's claims were barred by the doctrine of res judicata. Finally, the state asserted appellant had not supported his claims with sufficient operative facts to establish grounds for relief.

{¶7}   The trial court denied appellant's petition without a hearing and granted the state's motion for summary judgment.   The court first stated that appellant's claims were barred by the doctrine of res judicata.   The trial court also found appellant failed to support his claims with sufficient operative facts to establish substantive grounds for relief.   It noted that appellant provided only self-serving speculative assertions.   Finally, the court determined that the record unequivocally showed that appellant knowingly and voluntarily entered the plea agreement.

{¶8}   Appellant filed a timely notice of appeal on February 16, 2017.  He now raises a single assignment of error.

{¶9}   Appellant's sole assignment of error states:

THE TRIAL COURT ERRED IN SUSTAINING THE STATE'S MOTION FOR SUMMARY JUDGMENT WHICH RESULTED IN THE IMPROPER DENIAL OF MR. HOOD'S POST-CONVICTION MOTION.

{¶10}  Appellant argues the trial court abused its discretion in denying his postconviction petition without holding a hearing.  Appellant goes on to argue that his trial counsel was ineffective because counsel failed to investigate appellant's claims that his wife was engaged in an extramarital affair and fabricated evidence against him.  He further claims his counsel failed to investigate evidence that more than one source of DNA was present.   Next, appellant argues his counsel was ineffective during plea negotiations.  He claims his counsel ignored his demands to take his case to trial and told him that if he was convicted at trial, he would receive life in prison.  Appellant claims he was pressured into accepting the plea.

{¶11}  A postconviction petitioner is not automatically entitled to a hearing. *State v. Cole*, 2 Ohio St.3d 112, 443 N.E .2d 169 (1982).   Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief.  R.C. 2953.21(C).  The trial court's decision of whether to hold an evidentiary hearing in postconviction matters is reviewed for abuse of discretion. *State v. Haschenburger*, 7th Dist. No. 08-MA-223, 2009-Ohio-6527, ¶ 43.

Abuse of discretion connotes more than an error of law; it implies the trial court acted arbitrarily, unreasonably or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St .3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶12}** We conclude that the trial court did not abuse its discretion in deciding not to hold a hearing on appellant's postconviction petition because appellant did not present substantive grounds for relief in his petition.

**{¶13}** Initially, however, we note that res judicata does not bar two of appellant's claims here. The doctrine of res judicata provides that any issue that could have been raised on direct appeal, and was not, is barred in later proceedings and not subject to review. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

**{¶14}** Appellant argued in his petition that his trial counsel was ineffective for failing to investigate appellant's claims that his wife was engaged in an extramarital affair and fabricated evidence against him and for failing to investigate evidence that more than one source of DNA was present. These contentions are based on evidence outside of the record. "[W]hen claims of ineffective assistance are based on evidence outside the record, the appropriate procedure is to further develop the record through postconviction proceedings." *State v. Smith*, 7th Dist. No. 06-BE-64, 2007-Ohio-5244, ¶ 26.

**{¶15}** Res judicata does bar appellant's claim that he did not enter his plea knowingly, voluntarily, and intelligently, however. The record contains appellant's signed guilty plea stating that his plea is voluntary. Additionally, as part of a direct appeal, appellant could have requested a transcript of his change of plea hearing.

**{¶16}** Nonetheless, the trial court still had valid reason for denying appellant's petition without a hearing and granting the state's motion for summary judgment.

**{¶17}** Appellant did not present substantive grounds for relief in his petition. When a petitioner alleges ineffective assistance of counsel in a postconviction petition, the petitioner, in order to secure a hearing, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at

least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the petitioner. *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982).

**{¶18}** To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. *Id.* To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, 42 Ohio St.3d at paragraph three of the syllabus.

**{¶19}** Appellant failed to provide any evidence to substantiate his allegations. Appellant offered only bare allegations in his petition. He did not attach any affidavits, not even his own self-serving affidavit, or other evidentiary materials to his petition in support of his claims. A petitioner merely offering bare allegations in support of a postconviction petition does not submit evidence that meets a minimum level of cogency to support the claim and, therefore, will not compel a hearing. *State v. Short*, 7th Dist. No. 96 CO 62, 1998 WL 574758, *4 (Aug. 26, 1998).

**{¶20}** Based on the above, the trial court did not abuse its discretion in denying appellant's postconviction petition without a hearing.

**{¶21}** Accordingly, appellant's sole assignment of error is without merit and is overruled.

**{¶22}** For the reasons stated above, the trial court's judgment is hereby affirmed.

DeGenaro, J., concurs.

Robb, P.J., concurs.